**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No.: 1:26-cv-2564**

ALEXANDER J. LOVE,

       *Plaintiff*,

   v.

UNITED STATES OFFICE OF
MANAGEMENT AND BUDGET, and
UNITED STATES GENERAL SERVICES
ADMINISTRATION,

       *Defendants*.

**COMPLAINT
TO REMEDY VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

1. Dr. Alexander J. Love, Ph.D., ("**Love**") brings this action under the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552, against two defendants, the U.S. Office of Management and Budget ("**OMB**") and the U.S. General Services Administration ("**GSA**") (together, "**Defendants**"), seeking records related to "deregulatory recommendations" solicited from the public by the federal government. Defendants have failed to provide any substantive response to Love's FOIA requests; failed to make determinations on Love's FOIA requests; and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Love now files this action for injunctive and other appropriate relief to remedy each Defendant's violations of FOIA.

## JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

3.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.    Plaintiff Love is a resident of North Carolina. Love submitted requests for public records to the OMB and the GSA pursuant to FOIA. Both agencies have withheld and refused to produce the responsive records.

5.    Defendant OMB is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

6.    Defendant GSA is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

## LEGAL FRAMEWORK

7.    "The purpose of FOIA is 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 772 F. Supp. 3d 1, 7 (D.D.C. 2025) (quoting *ACLU v. U.S. Dep't of Just.*, 655 F.3d 1, 5 (D.C. Cir. 2011)).

8.    If an agency improperly withholds responsive records, "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

### I.    FOIA Statutory Requirements

9.    FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552

10.    An agency must respond to a party making a FOIA request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of the request, and

determine whether to comply with such request and "shall immediately notify" the requestor of at least the agency's determination of which the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. *See* 5 U.S.C. § 552(a)(6)(A)(i).

11.     An agency's failure to make a determination to a FOIA request or appeal within 20 working days is subject to judicial review without exhausting administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

12.     FOIA provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A complainant has "substantially prevailed" if he has "obtained relief through either" (1) "a judicial order, or an enforceable written agreement or consent decree," *id.* § 552(a)(4)(E)(ii)(I), or (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial," *id.* § 552(a)(4)(E)(ii)(II). A complainant is deemed "eligible" for a fee award by satisfying either subsection.

## II.     OMB Regulations

13.     Defendant OMB promulgated regulations implementing FOIA's requirements. *See* 5 C.F.R. §§ 1303.1 *through* 1303.91.

14.     These regulations require the OMB to determine within 20 working days of receipt of a request whether it is will grant the request, and to notify the requestor of its determination and the reasons therefor. *See* 5 C.F.R. § 1303.40(a).

15.     In "unusual circumstances" the OMB may seek an extension of time to respond by notifying the requester in writing "before expiration of the 20-day statutory time period to respond" to the request for records. 5 C.F.R. § 1303.40(c).

16. The OMB must preserve all responsive records, and correspondence related thereto, after receipt of a request and during pendency of litigation under FOIA. *See* 5 C.F.R. § 1303.80.

17. Requests made by educational institutions and noncommercial scientific institutions are not subject to search fees. *See* 5 C.F.R. § 1303.91(a).

18. If the OMB fails to comply with the FOIA's time limits in which to respond to a request, it may not charge search fees. *See* 5 C.F.R. § 1303.91(h).

19. Only requestors who are seeking documents for commercial use may be charged for time spent reviewing records to determine whether they are exempt from mandatory disclosure. *See* 5 C.F.R. § 1303.91(b).

### III.    GSA Regulations

20. The GSA promulgated regulations implementing FOIA's requirements. *See* 41 C.F.R. §§ 105-60.000 *through* .1008.

21. These regulations require the GSA to determine within 20 working days of receipt of a request whether it is will grant the request, and to notify the requestor of its determination and the reasons therefor. *See* 41 C.F.R. § 105-60.304(a).

22. In "unusual circumstances" the GSA may seek an extension of time to respond by notifying the requester in writing "before expiration of the 20-day statutory time period to respond to a request for records." 41 C.F.R. § 105-60.305.

23. If the GSA fails to comply with the FOIA's time limits in which to respond to a request, it may not charge search fees. *See* 41 C.F.R. § 105-60.803. Additionally, requests made by educational institutions and noncommercial scientific institutions are not subject to search fees or to review fees. *See* 41 C.F.R. § 105-60.804.

24.    The GSA must preserve all responsive records, and correspondence related thereto, after receipt of a request and during pendency of litigation under FOIA. *See* 41 C.F.R. § 105-60.702.

## FACTUAL BACKGROUND

25.    Love holds a Ph.D. in political science and is currently a postdoctoral associate with the Democratic Innovations Program at the Institution for Social and Policy Studies at Yale University. In 2027, Love will join the faculty of the LBJ School of Public Affairs at the University of Texas at Austin as an assistant professor.

26.    Love studies American political institutions with a focus on the federal bureaucracy. Among other things, his research examines how private actors and interest groups contribute to the oversight of regulatory agencies. Love's research often applies natural language processing and other methods of text analysis to large datasets to investigate the agency rulemaking process.

### I.    The President's "Review-and-Repeal" Effort

27.    On 19 February 2025, the President issued Executive Order 14219 ("**EO 14219**"), titled "Ensuring Lawful Governance and Implementing the President's 'Department of Government Efficiency' Deregulatory Initiative."[1] The order provides that "[a]gency heads shall, in coordination with their DOGE Team Leads and the Director of the Office of Management and Budget, initiate a process to review all regulations subject to their sole or joint jurisdiction for consistency with law and Administration policy." EO 14219 § 2(a).

---

[1] https://www.whitehouse.gov/presidential-actions/2025/02/ensuring-lawful-governance-and-implementing-the-presidents-department-of-government-efficiency-regulatory-initiative

28.     On 9 April 2025, the President issued a related Presidential Memorandum ("**PM**"), titled "Directing the Repeal of Unlawful Regulations."[2] The PM provides that the agency "review-and-repeal effort" in EO 14219 "shall prioritize, in particular, evaluating each existing regulation's lawfulness under" ten recent decisions issued by the Supreme Court of the United States.

29.     Following EO 14219, the OMB published a Notice of Request for Information ("**RFI**") seeking "ideas for deregulation from across the country." Request for Information: Deregulation, 90 Fed. Reg. 15481 (Apr. 11, 2025).[3] The RFI asked commenters to "identify rules to be rescinded and provide detailed reasons for their recission." *Id.* Commenters were directed to submit their ideas "via the Submit Your Deregulatory Recommendations portal on the *regulations.gov* homepage." *Id.* at 15481–82.

30.     Commenters were warned that "submissions received in response to this notice may be posted on *https://www.regulations.gov/* or otherwise released in their entirety, including any personal information, business confidential information, or other sensitive information provided by the commenter." *Id.* at 15482.

31.     The portal for submitting deregulatory suggestions (the "**Portal**") is available on regulations.gov by clicking on this link:

## Submit Your Deregulatory Recommendations

Impacted by an existing rule or regulation? Share your ideas for deregulation by completing this form.

Submit Deregulation Idea

---

[2] https://www.whitehouse.gov/presidential-actions/2025/04/directing-the-repeal-of-unlawful-regulations
[3] https://www.federalregister.gov/documents/2025/04/11/2025-06316/request-for-information-deregulation

32.    A screenshot of the Portal taken during the relevant time period is attached as **Exhibit 1**.

33.    The Portal asks users: "Which title, parts, and/or sections of the Code of Federal Regulations (C.F.R.) should be rescinded?" It also includes mandatory comment boxes that ask submitters to provide background on the regulation, and justifications and reasons for the proposed rescission. The Portal suggests "[p]ossible reasons for rescission," including the following:

> (1) the regulation is inconsistent with a statute; (2) the regulation is inconsistent with the Constitution; (3) the regulation's costs outweigh its benefits; (4) the regulation no longer reflects the current state of technology; or (5) the regulation is bad policy, unreasoned, or unsound.

*Id.* at 2.

34.    To submit a deregulation suggestion, each commenter must agree that "any material submitted via this portal may be publicly available." *Id.* at 3.

## II.    The OMB FOIA Request

35.    On 23 September 2025, Love submitted a FOIA request to the OMB via the FOIA.gov portal. *See* **Exhibit 2** (hereinafter, the "**OMB FOIA Request**"). Love's OMB FOIA Request seeks the following information:

> All submissions, responses, and related documents received through the joint GSA-OMB "Deregulation suggestions" initiative announced by the White House Office of Management and Budget and General Services Administration, accessible via the web form at www.regulations.gov/deregulation, including but not limited to:
>
> All completed form submissions received through the deregulation suggestions portal, including:
>
>> Agency/agencies identified as promulgating regulations proposed for rescission
>>
>> CFR sections proposed for rescission
>>
>> Names provided by submitters (if any)

7

Type of rescission proposed (NPRM, Final Rule, Direct Final Rule, etc.)

Regulation names proposed for rescission Summary justifications provided Agency addresses and contact information submitted

Background information provided about regulations

Detailed reasons for rescission proposals

Proposed CFR text modifications

Agency head names and titles provided

*Id.* at 3.

36.     After Love submitted the OMB FOIA Request, the FOIA.gov portal confirmed that the request would be sent to the OMB, and assigned it Confirmation ID No. 2404426. *See id.* at 1.

37.     On 25 September 2025, the OMB confirmed receipt of the OMB FOIA Request, noted that it was "being processed," and issued a control number: 2025-1924. *See* **Exhibit 3**.

38.     On 21 January 2026, Love emailed the OMB's FOIA department, seeking a status update on the OMB FOIA Request. *See* **Exhibit 4**. To date, Love has not received any response to this email.

39.     The Office of Government Information Services ("**OGIS**") is an office of the National Archives and Records Administration. Congress created OGIS to serve as the federal FOIA Ombuds—specifically, to assist both the public and federal agencies in resolving FOIA disputes and in addressing questions about the FOIA process.

40.     On 4 February 2026, Love emailed OGIS to request their assistance with securing a response to the OMB FOIA Request. *See* **Exhibit 5**.

8

41.    On 19 March 2026, OGIS responded that it would forward Love's request for information "to OMB FOIA staff so that they are aware that you are attempting to communicate with them." *See* **Exhibit 6**.

42.    As of the date of this Complaint, the OMB has failed to provide any response to Love's OMB FOIA Request, and has failed to respond to any of Love's follow-up correspondence.

43.    Because the OMB has not responded to Love's OMB FOIA Request within the statutory and regulatory time period, the OMB is in violation of FOIA.

### III.    The GSA FOIA Request

44.    On 14 April 2026, Love filed a FOIA request with the GSA (hereinafter, the "**GSA FOIA Request**"). That same day, the GSA acknowledged receipt of the GSA FOIA Request and assigned a request number: 2026-FOI-01511. *See* **Exhibit 7**.

45.    On 20 April 2026, the GSA sent Love a more detailed confirmation letter. *See* **Exhibit 8** ("**GSA Confirmation**"). As noted in the GSA Confirmation, Love's GSA FOIA Request seeks the following:

> [A]ll submissions, responses, and related documents received through the joint GSA-OMB 'Deregulation suggestions' initiative announced by the White House Office of Management and Budget and General Services Administration, accessible via the web form at www.regulations.gov/deregulation.
>
> As GSA manages the eRulemaking Program and the regulations.gov infrastructure, this request includes, but is not limited to, the raw database records and all completed form submissions received through the deregulation suggestions portal. Specifically, please include:
>
> > Agency/agencies identified as promulgating regulations proposed for rescission
> >
> > CFR sections proposed for rescission
> >
> > Names provided by submitters (if any)

Type of rescission proposed (NPRM, Final Rule, Direct Final Rule, etc.)

Regulation names proposed for rescission

Summary justifications provided

Agency addresses and contact information submitted

Background information provided about regulations

Detailed reasons for rescission proposals

Proposed CFR text modifications

Agency head names and titles provided (Date Range for Record Search: From 01/01/2025 To 04/14/2026)

*Id.* at 1–2.

46.    The GSA Confirmation noted that the request was being assigned to the "Simple track," meaning a response was required within twenty business days. *Id.* at 2. The GSA Confirmation further categorized Love as "a requester from a noncommercial scientific institution or educational institution," meaning Love "will not be charged for search or review time" and is "entitled to the first 100 pages of duplication for free." *Id.*

47.    Based on the 20 April 2026 GSA Confirmation, the GSA's response to the GSA FOIA Request was due to Love, at the latest, by Monday, 18 May 2026.

48.    On Tuesday, 19 May 2026, Love emailed the GSA, seeking a status update on the GSA FOIA Request. *See* **Exhibit 9**. To date, Love has not received any response.

49.    As of the date of this complaint, the GSA has failed to respond to Love's GSA FOIA Request, or to any of Love's follow-up correspondence.

10

**CLAIMS FOR RELIEF**

**COUNT I**

***Wrongful Withholding of Records Responsive to the OMB FOIA Request***

50.    Love re-alleges and incorporates by reference all preceding paragraphs and allegations.

51.    In his 23 September 2025 OMB FOIA Request, Love properly requested documents in the possession, custody, and control of the OMB.

52.    The OMB did not issue a decision in response to Love's request, and therefore did not satisfy the statutory or regulatory requirements governing such requests.

53.    The OMB did not produce any records responsive to Love's OMB FOIA Request.

54.    The OMB has not asserted any applicable exemption or other legal requirement that authorizes the withholding of responsive records.

55.    The OMB is wrongfully withholding records responsive to Love's OMB FOIA Request.

56.    By failing to timely release all requested records in full to Love, the OMB is in violation of FOIA.

57.    Love has constructively exhausted his administrative remedies.

58.    The OMB cannot charge Love any fees for compliance with FOIA and producing responsive records in connection with his request.

59.    Love is entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

60.    Love is entitled to recovery of all attorneys' fees and costs incurred in connection with this matter. *See* 5 U.S.C. § 552(a)(4)(E).

11

## COUNT II

### *Wrongful Withholding of Records Responsive to the GSA FOIA Request*

61.    Love re-alleges and incorporates by reference all preceding paragraphs and allegations.

62.    In his 14 April 2026 GSA FOIA Request, Love properly requested documents in the possession, custody, and control of the GSA.

63.    On 20 April 2026, the GSA Confirmation stated that the agency had 20 business days to respond to Love's GSA FOIA Request—by, at the latest, 18 May 2026.

64.    The GSA did not seek an extension of the deadline to respond, and did not issue a decision in response to Love's request. The GSA therefore did not satisfy the statutory or regulatory requirements governing such requests.

65.    The GSA did not produce any records responsive to Love's GSA FOIA Request.

66.    The GSA has not asserted any applicable exemption or other legal requirement that authorizes the withholding of responsive records.

67.    The GSA is wrongfully withholding records responsive to Love's GSA FOIA Request.

68.    By failing to timely release all requested records in full to Love, the GSA is in violation of FOIA.

69.    Love has constructively exhausted his administrative remedies.

70.    The GSA cannot charge Love any fees for compliance with FOIA and producing responsive records in connection with his request.

71.    Love is entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

72.     Love is entitled to recovery of all attorneys' fees and costs incurred in connection with this matter. *See* 5 U.S.C. § 552(a)(4)(E).

## REQUESTED RELIEF

WHEREFORE, Love respectfully requests that this Court:

a.     Declare that Love is entitled to immediate processing and disclosure of the records sought by the OMB FOIA Request;

b.     Order the OMB to immediately and fully process the OMB FOIA Request and disclose all non-exempt records to Love, with no fee charged to Love;

c.     Declare that Love is entitled to immediate processing and disclosure of the records sought by the GSA FOIA Request;

d.     Order the GSA to immediately and fully process the GSA FOIA Request and disclose all non-exempt records to Love, with no fee charged to Love;

e.     Award Love his costs and reasonable attorneys' fees in this action;

f.     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld, to ensure compliance with this Court's orders, and to allow Love to seek recovery of his costs and attorneys' fees in connection with this action; and

g.     Grant any such other relief as the Court may deem just and proper.

Respectfully submitted this 21st day of July, 2026.

PARKER POE ADAMS & BERNSTEIN, LLP

/s/ Aislinn R. Klos
Aislinn R. Klos (D.C. Bar. No. 1618595)
Corri A. Hopkins*
Jack K. Belk Jr.*
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
919.828.0564
aislinnklos@parkerpoe.com
corrihopkins@parkerpoe.com
jackbelk@parkerpoe.com

* *pro hac vice* motion forthcoming

*Counsel for Plaintiff Alexander J. Love*